**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**DANIEL LEVAC**                                                                              **PETITIONER**

**CASE NO. 4:24-cv-00276-BRW-JTK**

**SARAH HANEY**                                                                              **RESPONDENT**

<u>**RECOMMENDED DISPOSITION**</u>

**I.**      <u>**Procedure for Filing Objections**</u>**:**

This Recommendation for dismissal has been sent to Judge Billy Roy Wilson. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.**      <u>**Discussion**</u>**:**

Before the Court is Daniel Levac's pro se petition for writ of habeas corpus. (Doc. No. 2) In his petition, Mr. Levac states that he is in jail in Pike County, Arkansas. Because Mr. Levac is a pretrial detainee, the Court is construing his claims to be alleging that his right to a speedy trial has been denied in violation of the Sixth Amendment to the United States Constitution. Mr. Levac seeks dismissal of all charges and immediate release from jail.

Mr. Levac's petition fails for several reasons. First, Mr. Levac's constitutional claims fail because he has not exhausted his state court remedies. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973); *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981). Mr. Levac

does not allege that he has exhausted his state-remedies. And, in reviewing his state docket sheet,[1] it does not appear that he has pursued any such remedy. See *State v. Daniel Donat Levac*, Case No. 55CR-23-65.

Additionally, this Court must be "conscious of the need to prevent perversion of the habeas corpus jurisdiction into a pretrial-motion forum for prisoners." *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) (cleaned up). "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Id.*

Mr. Levac was charged with Felony Fleeing and Possession of Controlled Substance on August 4, 2023 for alleged conduct that occurred on July 26, 2023. See *State v. Levac*, Criminal Information, Case No. 55CR-23-65 (Aug. 4, 2023). According to his petition, Mr. Levac is currently being held in jail in Pike County, presumably since his arrest on these charges on August 7, 2023. *Id.*, Warrant Returned (Aug. 7, 2023). Mr. Levac's criminal trial was set for April 25, 2024, but on April 12, 2024, his offenses were downgraded to misdemeanors and his case was transferred to the district court for further proceedings. It is unclear whether Mr. Levac is still in custody since the last docket entry in the case before this Court states that his mail was returned undeliverable. (Doc. No. 8)

Regardless, at the time Mr. Levac filed the instant habeas corpus petition, he had been in jail for around seven months. These circumstances are simply not extraordinary enough to justify this Court's interference with the state's judicial proceedings. *Cf. Braden*, 410 U.S. at 489-92 (exercise of federal habeas jurisdiction warranted over speedy trial claim where indictment was

---

[1] Case information is publicly available at "CourtConnect" on the Arkansas Judiciary's homepage, https://caseinfo.arcourts.gov/cconnect/.

over three years old; further delays in trial would prejudice petitioner's ability to defend himself and his opportunity for parole; and petitioner had fully exhausted state remedies).

Summary dismissal of a habeas corpus petition – prior to a response or answer from the respondent – is appropriate where the petition itself and court records plainly show that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Habeas Corpus Cases. Mr. Levac has failed to exhaust his state court remedies and has not alleged sufficiently extraordinary circumstances to warrant federal action. Therefore, Mr. Levac's petition should be summarily dismissed, without prejudice.

**III.    Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rule Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Mr. Levac has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Levac has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

**IV.    Conclusion:**

The Court recommends that Judge Wilson DISMISS with prejudice Mr. Levac's petition for writ of habeas corpus.

Also pending is Mr. Levac's motion for leave to proceed in forma pauperis (Doc. No. 6). This motion is DENIED as moot.

DATED this 20th day of May, 2024.

_____
UNITED STATES MAGISTRATE JUDGE